IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 5:14-cv-00018 |
| HELP U MOVE, LLC, et al., | ) ) | |
| Defendants. | ) ) | By: Joel C. Hoppe United States Magistrate Judge |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on an Order to Defendant Help U Move, LLC ("Help U Move"), to show cause why it should not be held in contempt. ECF No. 20.

I. Procedural History and Facts

Hartford Fire Insurance Company filed this subrogation action on May 20, 2014, ECF No. 1, and served the complaint on Help U Move on July 31, 2014, ECF No. 11. Help U Move, "representing itself," filed an answer on August 25, 2014. ECF No. 12. The answer was unsigned, and no attorney had entered an appearance on Help U Move's behalf. On August 26, 2014, the presiding District Judge entered an Order noting that a business entity, such as Help U Move, cannot represent itself and may only appear in this case through representation by a licensed attorney. ECF No. 15. The Court ordered Help U Move "to secure counsel and have counsel note an appearance" within 14 days. *Id.* Help U Move did not respond to this Order, and on October 6, 2014, the presiding District Judge ordered Help U Move to appear in the District Court to show cause "why it should not be held in contempt." ECF No. 20. On October 30, 2014, Al Bailey filed a letter with the Court stating that Help U Move cannot afford an attorney and had ceased operating because of lack of funds. ECF No. 22. Bailey acknowledged that Help U

1

Move cannot represent itself, and he asked for advice on how to proceed. *Id.* The presiding District Judge referred the show cause issue to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 23.

On January 12, 2015, the Court held a hearing on the Order to show cause. Bailey appeared in person on behalf of Help U Move, and the other parties appeared telephonically through counsel. The Court advised Bailey of the purpose of the hearing and asked him various questions. Bailey informed the Court that he is the sole director and officer of Help U Move. *See also* 2014 Annual Report for Bailey's Help U Move, Inc., *available at* https://sccefile.scc.virginia.gov/07335789/AnnualReport/214520857.pdf. Bailey represented that Help U Move's corporate status was active, but that it was no longer conducting business. Consistent with his letter to the Court, Bailey stated that Help U Move has no assets to hire an attorney. He acknowledged that he was not a licensed attorney and could not represent Help U Move in this action. Bailey said that he had spoken to an attorney about representing Help U Move, and he asked for two weeks to attempt to secure representation, which the Court allowed. The Court advised Bailey that if an attorney does not enter an appearance on Help U Move's behalf, its answer may be stricken and it then would be subject to entry of default and the attendant consequences. Three weeks have passed, and neither Bailey nor a licensed attorney has contacted the Court regarding the representation of Help U Move.

During this hearing and other interactions with Bailey, the Court has found him to be straight-forward and earnest, notwithstanding his recent failure to update the Court.

II. Discussion

The Court ordered Help U Move to show cause why it should not be held in contempt for failing to comply with a previous order that it retain counsel in this case. A court may hold an individual or corporation in civil contempt if it finds, by clear and convincing evidence,

> "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result."

*Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659, 665 (E.D. Va. 2012) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (internal ellipses omitted)).

When the presiding District Judge ordered Help U Move to obtain counsel, he did not know its operational or financial status. Now that this information is before the Court, it is apparent that Help U Move does not have the ability to satisfy the Court's decree that it secure counsel. Additionally, Bailey acknowledged that he cannot represent Help U Move, and he disclaimed any intent to do so. Thus, this case differs from one where the court in our sister district found a non-attorney in contempt for repeatedly insisting on representing a corporation despite the court's orders to desist. *See, e.g., Chien*, 484 B.R. at 664–65. Under these circumstances, I cannot find that Help U Move's failure to comply with the Order warrants a finding of contempt. The proper course is to dismiss the Order to show cause. Such action does not entirely resolve this matter though.

The show cause issue arose from Help U Move filing an unsigned answer and then failing to respond to the Court's order to secure counsel. Because no attorney has entered an appearance on Help U Move's behalf, and it cannot act *pro se* in this case, it is clear that Help U Move's answer was improperly filed. Moreover, Help U Move has failed to secure counsel as

ordered by the Court. In these circumstances, striking Help U Move's answer is an appropriate sanction for violating the Court's order. *See* Fed. R. Civ. P. 16(f)(1)(C) ("the court may issue any just orders . . . if a party . . . fails to obey a . . . pretrial order"); *see also Commerce & Indus. Ins. Co. v. Newhall Contracting, Inc.*, No. 2:13cv30260, 2014 U.S. Dist. LEXIS 177566, at *4 (S.D. W. Va. Dec. 29, 2014). Accordingly, I will order the answer to be stricken.

Help U Move has not filed a proper pleading in response to the complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). I leave it to the Plaintiff whether to seek an entry of default against Help U Move. Nonetheless, I remind Bailey of some of the consequences should the Clerk enter default against Help U Move for failing to respond to the complaint:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.12[1] (3d ed. 2004). Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers.

*Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (D. Wis. 2004).

### III. Conclusion

For the foregoing reasons, the Order to show cause, ECF No. 20, is hereby DISMISSED, and Help U Move's answer, ECF No. 12, shall be STRICKEN.

The Clerk shall send certified copies of this Memorandum Opinion and Order to all counsel of record and unrepresented parties.

It is so ORDERED.

4

ENTER: February 5, 2015

Joel C. Hoppe
United States Magistrate Judge